IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK, AL JAZEERA INTERNATIONAL (USA) INC., AND DEBORAH DAVIES<br><br>Petitioners,<br><br>vs.<br><br>PHENIX INVESTIGATIONS, INC.<br><br>Respondent. | Case No. 1:18-MC-00045 (KBJ)(RMM)<br><br>Related Cases: 1:16-cv-13 (KBJ)(RMM)<br>1:16-cv-14 (KBJ)(RMM) |
| AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK, AL JAZEERA INTERNATIONAL (USA) INC., AND DEBORAH DAVIES<br><br>Petitioners,<br><br>vs.<br><br>GIBSON, DUNN & CRUTCHER, LLP.<br><br>Respondent. | Case Nos.: 1:16-cv-13 (KBJ)(RMM)<br>1:16-cv-14 (KBJ)(RMM) |

**SUR-REPLY OF PETITIONERS
AL JAZEERA AMERICA, LLC, AL JAZEERA MEDIA NETWORK,
AL JAZEERA INTERNATIONAL (USA) INC., AND DEBORAH DAVIES
IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY FROM PHENIX
INVESTIGATIONS, INC. AND GIBSON, DUNN & CRUTCHER, LLP, AND THEIR
<u>BRIEF IN OPPOSITION TO RESPONDENTS' CROSS-MOTIONS</u>**

Pursuant to this Court's September 21, 2018 Order, Defendants Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International (USA) Inc., and Deborah Davies (collectively "Al Jazeera" or "Petitioners") submit this sur-reply in further support of their Motion to Compel Discovery from Phenix Investigations, Inc. and Motion to Compel Discovery from Gibson, Dunn & Crutcher, LLP.[1]  In support of their claims, Plaintiffs Ryan Zimmerman and Ryan Howard ("Plaintiffs") contend that Al Jazeera should not have relied on any of the 27 hours of statements made by Charlie Sly ("Sly") in which he implicated himself and others in crimes.  At the time he made these statements, he did not know he was being recorded.  After learning of these incriminatory recordings, he prepared a videotaped statement on December 24, 2015 in which he claimed that everything he said during these 27 hours of recordings was false.[2]  Sly also sent two emails around the same time asserting the same sweeping denial.[3]  Al Jazeera disclosed Sly's indiscriminate denial in the Documentary and released the video on December 26, 2015.[4]  Al Jazeera did not find Sly's denial to be credible because, among other things, everything he said on the recordings was not false, his statements appeared to be written by someone else, and they appeared to be made under duress.  The circumstances surrounding Sly's denials is therefore a critical issue in this case, including whether the video was the product of coercion by representatives of Peyton Manning (Gibson, Dunn & Crutcher LLP ("GDC") and Phenix

---

[1] Capitalized terms not specifically defined in this Sur-Reply shall have the same meaning as in Petitioners' Motion to Compel Discovery [ECF No. 1 in 1:8-mc-0045; ECF No. 84 in the Underlying Actions] (the "Motions").

[2] *See, e.g.,* Howard FAC [ECF No. 44 in the Underlying Actions] ¶¶ 76(e), 90; Zimmerman FAC [ECF No. 9 in the Underlying Actions] ¶¶ 73(e), 87.

[3] *See, e.g.*, *id.*

[4] *See* ECF No. 26-4 in the Underlying Actions, at 35; September 28, 2018 Declaration of Rachel V. Stevens ("Stevens Decl."), Ex. I.  *See also* Huffington Post, *Explosive Documentary Links Peyton Manning, Major Athletes to Doping Ring* (December 26, 2015), *available at* https://www.huffingtonpost.com/entry/peyton-manning-human-growth-hormone_us_567f16e4e4b0b958f6599440.

1

Investigations, Inc. ("Phenix")) or any other party.

Since briefing was completed on March 30, 2018 in both the Motions to Compel and associated Cross-Motions to Quash, discovery has revealed that Sly had extensive communications with Phenix, the private investigation firm that was hired by GDC on behalf of Manning, at and around the time of the denials.

### A. Sly Had Extensive Contacts with Phenix Investigators Both Prior to and After Issuing His Indiscriminate, Sweeping Denial

On August 6, 2018, in response to a subpoena issued by Defendants, AT&T produced over 21,000 pages of information related to telephone calls and text messages made or received by a mobile phone used by Sly between January 1, 2015 and July 18, 2018 (the "AT&T Records").[5] Defendants subpoenaed these records to discover Sly's communications around the time he filmed the video and sent the emails, and assist Petitioners in locating Sly in order to serve a subpoena.[6] The AT&T Records, including geolocation data for each call, text message, data usage throughout that period, and a log of calls and text messages to and from the phone used by Sly, show:

- 5 contacts between Sly and 317-███████, a number associated with Brian Bauer ("Bauer"), CEO and President of Phenix;[7]
- 117 contacts between Sly and 317-███████, a number registered to Benjamin A. Ford ("Ford"), Senior Investigator and Director of Counterintelligence with Phenix, all between December 16, 2015 and January 9, 2016.[8]

Ninety-six (96) text messages were exchanged between Sly and Ford between December 24, 2015 and December 30, 2015, the dates immediately before and after Sly recorded the video and sent the emails.[9] These communications occurred shortly after Bauer and Ford showed up at

---

[5] *See* Stevens Decl., Ex. A.
[6] *See id.*
[7] *See* Stevens Decl., Ex. C, D, and E.
[8] *See* Stevens Decl., Ex. E, F, and G.
[9] *See* Stevens Decl., Ex. B, (relevant communications have been highlighted). For the Court's benefit, Petitioners also attach, as Appendix A, a spreadsheet containing these relevant entries.

Sly's parents' home on December 22, 2015, which prompted Sly's sister to call 911.[10]  Bauer and Ford returned on December 23, 2015, and with Sly's lawyer on speakerphone, interviewed Sly.[11] At 10:59 P.M. that night, Sly spoke to someone using Bauer's number for twenty minutes and twenty-four seconds.[12]  Within two hours of this call with Bauer, on December 24, 2015, at 1:36 A.M., Sly sent an email to Al Jazeera and its counsel claiming that his "statements on [Al Jazeera's] recordings and/or communications are false and incorrect."[13]

Also on December 24, 2015, Sly called Bauer at 5:48 and 6:03 P.M. and received a call from Ford at 5:43 P.M.[14]  At 8:09 P.M., Sly sent a video to Al Jazeera and its counsel.[15]  On December 26, 2015, at 3:52 P.M., Sly received a call from Ford's number that lasted over an hour, ending at approximately 5:01 P.M.[16]  Ford and Sly spoke several times earlier that day as well, and exchanged twenty (20) text messages.[17]  At 5:57 P.M., Sly sent another email to Al Jazeera and its counsel.[18]  Sly then had at least eleven (11) additional phone calls and an additional seventy-three (73) text messages with Ford.[19]

---

[10] *See* https://www.washingtonpost.com/video/sports/911-call-charlie-slys-parents-visited-by-peyton-mannings-private-investigators/2016/02/05/b7f2562c-cc38-11e5-b9ab-26591104bb19_video.html?utm_term=.2780eccedb3e.  *See also* Will Hobson and Justin Wm. Moyer, "Inside Peyton Manning's secret investigation into Al Jazeera documentary," WASHINGTON POST, Feb. 4, 2016, *available at* https://www.washingtonpost.com/sports/inside-peyton-mannings-secret-investigation-into-al-jazeera-documentary/2016/02/04/d0da2f04-cb05-11e5-a7b2-5a2f824b02c9_story.html?utm_term=.20bb306eb7d2
[11] *See id*.
[12] *See* Ex. B, Item No. 11448.
[13] *See* Stevens Decl., Ex. H.
[14] *See* Ex. B, Item Nos. 11478, 11479, 11475.
[15] *See* Stevens Decl., Ex. I.
[16] *See* Ex. B, Item No. 11520.
[17] *See* Ex. B, Highlighted Item Nos. 11513-11520, 12126-12203.
[18] *See* Stevens Decl., Ex. J.
[19] *See* Ex. B, Highlighted Item Nos. 11539-11800, 12154-12682.

Given Plaintiffs' heavy reliance on the video and email denials in support of their claims, Al Jazeera is clearly entitled to obtain discovery from Phenix and GDC, especially regarding the extensive communications with Sly. *See Zimmerman v. Al Jazeera America, LLC*, 246 F. Supp. 3d 257, 283-84 (D.D.C. 2017) (permitting Plaintiffs' claims to progress based on Al Jazeera's awareness of Sly's denials); *Breiterman v. United States Capitol Police*, No. CV 16-0893, 2017 WL 5176317, at *3 (D.D.C. Nov. 7, 2017) (Meriweather, M.J.) (Rule 26(b) permits parties to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.") (*internal citation omitted*).

### B.  Phenix and GDC Are the Only Accessible Sources of This Information

Phenix and GDC have based their discovery objections, in part, on the contention that Al Jazeera should seek this discovery from Sly. This objection is meritless. *See Estate of Klieman v. Palestinian Auth.*, 272 F.R.D. 253, 259 (D.D.C. 2011); *U.S. Dep't of Treasury v. Pension Benefit Guar. Corp.*, 301 F.R.D. 20, 30 (D.D.C. 2014). In any event, Sly has evaded Al Jazeera's extensive attempts to serve him with a subpoena for this discovery.[20]  Accordingly, Al Jazeera is entitled to receive from GDC and Phenix, among other things, information relating to their interactions with Sly. *See BuzzFeed, Inc. v. U.S. Dep't of Justice*, 318 F. Supp. 3d 347, 362 (D.D.C. 2018) (granting motion to compel where information sought could not be obtained from other sources).

For these reasons, as well as those stated in Petitioners' Motions to Compel, Petitioners respectfully request that this Court order Phenix and GDC to produce documents in response to Defendants' subpoenas and to present corporate designees, including Bauer and Ford, for depositions in the Underlying Actions.

---

[20] *See* Stevens Decl. at ¶ 10.

4

Respectfully submitted.

Dated:  September 28, 2018

/s/ *Charles Scheeler*
Andrew L. Deutsch (admitted pro hac vice)
Rachel Stevens (admitted pro hac vice)
DLA PIPER LLP
 1251 Avenue of the Americas
New York, NY 10020
Office: (212) 335-4500
Fax: (212) 335-4501
andrew.deutsch@dlapiper.com
rachel.stevens@dlapiper.com

Charles Scheeler
DLA PIPER LLP
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3600
Office: (410) 580-3000
Fax: (410) 580-3001
charles.scheeler@dlapiper.com

*Counsel for Defendants Al Jazeera America, LLC, Al Jazeera Media Network, Al Jazeera International (USA), Inc., Deborah Davies*